## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| INTEC USA, LLC, | ) |
|         Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) **AND RECOMMENDATION** |
| ADVANCED FOOD SYSTEMS, B.V.; | ) |
| JOS BOL a/k/a JOHANNES BOL, | )     1:08CV379 |
| INDIVIDUALLY; and BRANCH | ) |
| BANKING and TRUST COMPANY, | ) |
|         Defendants, | ) |
| v. | ) |
| BRANCH BANKING and TRUST | ) |
| COMPANY, | ) |
|         Garnishee. | ) |

This matter is before the court on nine pending motions by various parties: (1) Defendant Advanced Food Systems, B.V.'s ("AFS") motion to dismiss (docket no. 9); (2) Defendant AFS's motion to vacate/dissolve attachment (docket no. 22); (3) Plaintiff's motion to remand (docket no. 38); (4) Defendant AFS's motion to deny joinder of BB&T (docket no. 42); (5) Defendant's motion to dismiss amended complaint (docket no. 44); (6) Plaintiff's motion for a preliminary injunction (docket no. 62); (7) Plaintiff's motion to amend/correct complaint (docket no. 88); (8) Defendant AFS's motion for leave to file further declaration (docket no. 80); and (9) Defendant Branch Banking and Trust Company's motion to dismiss amended

complaint (docket no. 70). The parties have responded to the motions, and the matter is ripe for disposition. Since there has been no consent, I must address the motions by way of a recommended disposition. For the reasons discussed herein, it will be recommended that the court grant Plaintiff's motion to remand. Disposition of the remaining motions, therefore, is unnecessary.

**DISCUSSION**

This case arises out of a transaction for the sale of four "spiral freezers" from Defendant AFS to Plaintiff Intec USA, LLC ("Intec") for delivery and installation at the Chicago, Illinois facility of Intec's customer, Fontanini Foods. Intec is a North Carolina limited liability company based in Durham, North Carolina; foreign Defendants Jos Bol ("Bol") and AFS are both citizens of the Netherlands; and Defendant Branch Banking and Trust Company ("BB&T") is a North Carolina banking corporation with its principal place of business in Winston-Salem, North Carolina. Plaintiff filed this action against Defendants Bol and AFS in the Superior Court of Durham County, North Carolina on May 13, 2008. Defendants filed a petition for removal to this court on June 6, 2008, contending that the dispute should be litigated in federal court based on diversity jurisdiction. 28 U.S.C. § 1332(a)(2). On July 14, 2008, Plaintiff filed an amended complaint, joining BB&T as a Defendant, based on certain payments made by BB&T to AFS under a Commercial Letter of Credit Agreement ("LOC") (docket no. 24). On the same date, Plaintiff filed

a motion to remand the matter to state court (docket no. 25). On August 5, 2008, Plaintiff filed an amended motion to remand (docket no. 38).

As a preliminary matter, it is the duty of any federal court to first determine whether it has jurisdiction over the matter before it. Defendants Bol and AFS urge this court to decide the motions to dismiss based on the doctrine of *forum non conveniens* and lack of personal jurisdiction before deciding the motion to remand for lack of subject matter jurisdiction. It is true that the United States Supreme Court has recently held that a federal court may choose among threshold grounds for dismissing a suit, and not necessarily decide jurisdictional issues first. *Sinochem Intern. Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). Such a procedure is not mandatory, by any means, and the Supreme Court suggested that the court should "properly take[] the less burdensome course" in deciding which threshold issues or motions to consider. *Id*. at 436; *see Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 233 (4th Cir. 2008) ("*Sinochem* counsels us to 'take[] the less burdensome course.'") The Supreme Court limited the scope of its *Sinochem* holding by explaining that,

> [i]f, however, a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction will involve no arduous inquiry and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum should impel the federal court to dispose of those issues first.

*Sinochem*, 549 U.S. at 436 (internal citations omitted).

In the case before this court, the jurisdictional analysis is not particularly arduous, and indeed, appears to be "the less burdensome course." Accordingly, I will consider the motion to remand for lack of diversity jurisdiction, finding it to be the more efficient and reasonable course under the facts presented here.

Under the federal removal statute, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court for the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Even on a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). When jurisdiction is in doubt, remand is proper. *Id*. A presumption in favor of remand is necessary to prevent a federal court from reaching the merits of a pending motion in a removed case where subject matter jurisdiction for the federal courts may be lacking, thereby depriving a state court of its rights under the Constitution to resolve controversies in its own courts. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (court held that district court erred in deciding a complex question of personal jurisdiction prior to resolving the issue of subject matter jurisdiction).

-4-

Case 1:08-cv-00379-NCT-WWD   Document 100   Filed 03/25/09   Page 4 of 7

Federal jurisdiction is lacking if there are any litigants from the same state on opposing sides. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806) (interpreting the language of the general diversity statute to require complete diversity.) Likewise, the presence of aliens on both sides of a controversy will defeat jurisdiction. *See, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999). A limited liability company, moreover, assumes the citizenship of each of its members. *See generally Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).

Plaintiff Intec is a North Carolina limited liability company. One of its members, however, Raymond John Smith, is a citizen of New Zealand but a permanent resident alien of the United States, residing in North Carolina. In another case involving Intec, the Seventh Circuit Court of Appeals found that Intec, based on Smith's citizenship and residency status, is considered a resident of both New Zealand and North Carolina. *Intec USA, LLC v. Engle*, 467 F.3d 1038 (7th Cir. 2006) (*Intec I*); *see also Intec USA, LLC v. Engle*, No. 1:05CV468, 2007 WL 1752058 (M.D.N.C. June 18, 2007) (*Intec II*) (remanding case for lack of diversity jurisdiction). In *Intec I*, the Seventh Circuit analyzed the so-called "deemer clause" of 28 U.S.C. § 1332(a): "For the purposes of this section, section 1135 and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." The court found that the best

reading of this section, based on legislative history, is that permanent resident aliens have both state and foreign citizenship, and that therefore there was no diversity jurisdiction because a member of Intec was a permanent resident alien who retained his foreign citizenship and some of the defendants were foreign corporations. *See Van Der Steen v. Sygen Int'l, PLC*, 464 F. Supp. 2d 931, 936 (N.D. Cal. 2006) (noting that "it appears that Congress' principal aim in passing the 1988 Amendment [adding the deemer clause] was to contract, not expand, the scope of federal diversity jurisdiction"). The same situation is present in this case, where Plaintiff, having adopted the citizenship of one of its members, is considered a New Zealand citizen, and Defendants AFS and Bol are Dutch citizens.

In order for federal jurisdiction to attach, there must be complete diversity. *See, e.g., Strawbridge*, 7 U.S. at 267; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Slavchev v. Royal Caribbean Cruises, Ltd.*, No. 07-2036, 2009 WL 606664 (4th Cir. Mar. 11, 2009). In other words, no plaintiff may share common state citizenship with any defendant; there must be complete diversity of state or foreign citizenship between the plaintiff and all defendants. Plaintiff contends that there is not complete diversity because Plaintiff, having assumed the citizenship of one of its members, is considered a New Zealand citizen, and Defendants AFS and Bol are foreign citizens. This court agrees. Moreover, while BB&T is a North Carolina corporation, its presence in the case does not change the result. Intec has dual citizenship, under *Intec I*, and therefore, with BB&T as a

defendant, complete diversity is destroyed based on Intec's North Carolina citizenship. Plaintiff, as a North Carolina resident, is not diverse from BB&T. Thus, it does not matter, for jurisdictional purposes, whether BB&T has been properly joined in this matter.[1] Because complete diversity is lacking, there is no federal jurisdiction, and remand is proper under Section 1447(c).

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to remand (docket no. 38) should be **GRANTED** and the case remanded to the Durham County Superior Court for lack of diversity jurisdiction.

                                                  WALLACE W. DIXON
                                                  United States Magistrate Judge

Durham, NC
March 25, 2009

---

[1] As noted by the court in *Van Der Steen*, this approach to the diversity statute is still problematic in certain situations: "Circumventing the literal language of § 1332(a) leads to the curious result that a permanent resident alien's "citizenship" turns entirely on whom he is suing. Like a chameleon, the citizenship of the lawful permanent resident changes with the context of his lawsuit – if he sues an alien, he is treated as an alien; if he sues a U.S. citizen he is treated as a citizen. It is indeed strange that a plaintiff's identity should hinge on that of his adversary." 464 F. Supp. 2d at 936 n.3. The *Van Der Steen* court "accept[ed] this anomaly as the unfortunate consequence of hastily enacted legislation." *Id*.